UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

| | | |
|---|---|---|
| McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC, a Delaware limited liability company, and, | : : : | Index No. _____ |
| McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, a Delaware limited liability company, | : : | |
| Plaintiffs, | : | |
| -against- | : | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| FRANS LANTING, INC., a California corporation, | : | **ECF Case** |
| Defendant. | : | |

------------------------------------- X

    Plaintiffs McGraw-Hill School Education Holdings, LLC and McGraw-Hill Global Education Holdings, LLC (collectively and jointly here, as "McGraw-Hill Education"), by and through their undersigned attorneys, submits this Complaint for Declaratory Judgment against Defendant Frans Lanting, Inc. ("Lanting"), a California corporation whose principal place of business is in Santa Cruz, California.

    Plaintiffs allege as follows:

### NATURE OF ACTION

    1.    This is an action for a declaratory judgment of non-liability pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve an actual case or controversy that has arisen between McGraw-Hill Education and Lanting. Through his legal counsel, the firm of Harmon & Seidman, who have litigated dozens of other copyright infringement cases against McGraw-Hill Education based on similar allegations, Lanting has accused McGraw-Hill

Education of copyright infringement based on use of certain Lanting photographs that were licensed to McGraw-Hill Education by Corbis Corporation ("Corbis"), a photo agency with long-standing contractual relations with McGraw-Hill Education.  Among other provisions, the contractual arrangements between Corbis and McGraw-Hill Education, which Lanting seeks to enforce through his infringement contentions, require that any and all disputes arising from Corbis' licensing of photos to McGraw-Hill Education must be litigated in New York.  Lanting, however, in disregard of the mandatory forum-selection clauses in the contracts that he seeks to enforce, has instead sought to litigate his Corbis-based infringement claims in California.  Despite the binding forum-selection clauses in the Corbis agreements and invoices, Lanting's counsel has regularly pursued other cases against McGraw-Hill Education in jurisdictions other than New York in other instances of claims based on Corbis licenses, forcing upon McGraw-Hill Education the expense and distraction of having to file motions to enforce the applicable forum-selection clauses.

2.   McGraw-Hill Education has valid and dispositive defenses to Lanting's claims of copyright infringement, including but not limited to the applicable statutes of limitation and McGraw-Hill's contractual arrangements with Corbis, among other defenses.

3.   Lanting's actions in asserting illusory, barred, or non-meritorious claims against McGraw-Hill Education have harmed, and threaten further harm to, the plaintiffs.

**THE PARTIES**

4.   Plaintiff McGraw-Hill School Education Holdings, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Columbus, Ohio, and its corporate headquarters in New York, New York.  McGraw-Hill School Education Holdings, LLC is the successor in interest to the elementary and secondary

schools textbook publishing business previously operated by The McGraw-Hill Companies, Inc., now known as McGraw-Hill Financial, Inc.  McGraw-Hill School Education Holdings, LLC has assumed the rights and liabilities related to those predecessor entities' transactions with Corbis.

      5.      Plaintiff McGraw-Hill Global Education Holdings, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Dubuque, Iowa, and its corporate headquarters in New York, New York.  McGraw-Hill Global Education Holdings, LLC is the successor in interest to the post-secondary and higher education textbook publishing business previously operated by The McGraw-Hill Companies, Inc., now known as McGraw-Hill Financial, Inc.  McGraw-Hill Global Education Holdings, LLC has assumed the rights and liabilities related to those predecessor entities' transactions with Corbis.

      6.      Defendant Frans Lanting, Inc. is the corporate entity through which the commercial photographer Frans Lanting operates his photography business in Santa Cruz, California.  Lanting travels throughout the country, and the world, for his photography business.  The photographs at issue in this dispute were licensed for use in McGraw-Hill Education textbooks by Corbis.

## JURISDICTION AND VENUE

      7.      This is an action for a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

      8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, which authorizes the Court to declare the rights and other legal relations between interested parties, and 28 U.S.C. § 1338, which provides for jurisdiction in connection with claims arising under the copyright laws.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

10. This Court has personal jurisdiction over Lanting pursuant to N.Y. Civ. Prac. L. & R. 301 because, upon information and belief, Lanting has purposely targeted his activities to and has systematically transacted, done, and solicited business in this district, and pursuant to N.Y. Civ. Prac. L. & R. 302(a) because Lanting transacted business with and contracted to provide services within the state of New York to McGraw-Hill Education through Corbis, and the claims herein arise out of that business activity. The Corbis invoices at issue in this dispute are subject to and reflect forum-selection clauses mandating the litigation of claims related to those invoices in New York.

11. The Corbis forum-selection clauses requiring New York as the mandatory forum for any litigation arising from Corbis' invoicing have been enforced in at least the following cases, wherein the courts directed that the plaintiffs' suits be transferred to New York: *Muench Photography, Inc. v. McGraw-Hill Cos.*, No. 3:12-cv-02473-EMC (N.D. Cal. July 13, 2012) (Amended Civil Minutes, Dkt. No. 27); *Lefkowitz v. McGraw-Hill Cos.*, 2013 WL 3061549 (E.D. Pa. June 19, 2013); *Lefkowitz v. John Wiley & Sons, Inc.*, 2013 WL 4079923 (E.D. Pa. Aug. 13, 2013); *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.* (E.D. Pa. Feb. 25, 2014); *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, No. 1:15-cv-08875 (N.D. Ill. Jan. 28, 2016) (Order, Dkt. No. 26).

12. On information and belief, McGraw-Hill Education alleges that Lanting's own representation agreements with Corbis also mandate litigation of disputes relating to Corbis' representation of Lanting's photographs in New York.

13. Certain of the purchase orders or permission requests issued by McGraw-Hill Education in connection with certain of the transactions at issue contain choice-of-law clauses

4

that specify the law of the State of New York with regard to any claims arising in connection with the requested photo license.

## FACTS COMMON TO ALL CLAIMS

14. McGraw-Hill Education is a global publisher of textbooks and educational materials to customers worldwide, with its core business focused on the publication of educational materials, including textbooks, for students from kindergarten through college.

15. McGraw-Hill Education's textbooks and other educational publications generally contain contributions from multiple sources, including photographs licensed to McGraw-Hill Education by third parties, and constitute collective works within the meaning of the Copyright Act.

16. Lanting is the corporate form of Frans Lanting, a well-known commercial photographer. Lanting engages in stock photo licensing of his photos through the stock photo trade. Through this stock photo licensing activity, with stock photo agencies such as Corbis, Lanting supplies photographs to publishers for use in their books and other publications.

17. Since at least 2005, McGraw-Hill Education has entered into transactions with Corbis through which McGraw-Hill Education requested and paid for permission to use certain of Lanting's stock photographs. Generally, for each transaction, McGraw-Hill Education would identify to the photo agency which of Lanting's archived stock photographs were the ones which McGraw-Hill Education wished to use for a particular textbook project or other publication. Such invoice requests were issued pursuant to the over-arching preferred vendor agreements that McGraw-Hill Education had negotiated with Corbis. Thereafter, Corbis would issue an invoice based on the pricing and usage parameters specified in the parties' preferred vendor agreement, and McGraw-Hill Education would then include the photograph in its publication.

18. McGraw-Hill Education periodically updated or amended its comprehensive preferred vendor agreements with Corbis. For the transactions at issue in this civil action, the preferred vendor agreements between Corbis and McGraw-Hill Education from 2003 through 2009 controlled the individual invoice transactions.

19. These agreements, and the course of dealing between McGraw-Hill Education and Corbis, established that McGraw-Hill Education had permission to use Corbis-represented photos in McGraw-Hill Education's textbook products based on the parties' pre-existing relationship, pursuant to which McGraw-Hill would pay Corbis for the use of Corbis' photos. The parties' agreements and arrangements established the pricing levels that Corbis was authorized to charge for the usage that McGraw-Hill Education estimated for the Corbis-represented photos.

20. In the normal course of its dealings with Corbis, McGraw-Hill Education provided pre-publication estimates of what it anticipated would be the level of the distribution of the books in which the Corbis-represented photos would appear. Corbis then issued invoices for payment by McGraw-Hill Education based on those estimates, which McGraw-Hill Education then paid.

21. In some instances, the market demand for McGraw-Hill Education's publications has exceeded McGraw-Hill Education's initial estimates. In such circumstances, Corbis was entitled to seek additional payment from McGraw-Hill Education for the unanticipated distribution.

22. Corbis has made no such demand for additional payment as to the photos that Lanting has placed at issue in this dispute.

23. Corbis has been aware of the potential for such overruns since long before 2009, when it contractually codified an "increased usage" provision into the parties' formal preferred vendor agreement, thereby memorializing the parties' past practice.

24. Corbis has been aware of the potential for, and has elected not to pursue, claims based on potential overruns of Lanting's photos for substantially more than three years prior to this action.

25. On March 3, 2016, Lanting's counsel notified Corbis of their intent to pursue copyright claims arising from Corbis invoicing on Lanting's behalf against McGraw-Hill Education.

26. On April 9, 2016, Lanting's counsel notified McGraw-Hill Education of their intent to pursue such copyright claims in the United States District Court for the Northern District of California, despite the existence of the mandatory forum-selection clauses requiring any such litigation in New York.

27. On April 15, 2016, over objections from McGraw-Hill Education, Lanting's counsel renewed their effort to pursue some 71 claims of copyright infringement based on Corbis invoices in a preexisting civil action that Lanting already was litigating against McGraw-Hill Education in the Northern District of California.  A true and correct copy of Lanting's claim chart specifying these 71 claims based on Corbis invoices is attached here as **Exhibit A**.

28. All of the claims listed in Lanting's claim chart relate to transactions by McGraw-Hill Education with Corbis, and all are subject to Cobis' mandatory forum-selection clause, specifying litigation in New York.

29. McGraw-Hill Education believes that it is not liable for copyright infringement with regard to all of the transactions identified in Lanting's claim chart.

30. McGraw-Hill Education has a reasonable, good-faith belief that there is a ripe and justiciable case or controversy between the parties. McGraw-Hill Education has a reasonable and legitimate anticipation of litigation regarding the transactions listed in Lanting's claim chart.

31. The parties have not reached an agreement to resolve this dispute.

32. Among the various valid and enforceable defenses to any claim of copyright infringement by Lanting are the following:

    a. The agreements and course of dealing between Corbis and McGraw-Hill Education provide McGraw-Hill Education with permission for its usage of Lanting's Corbis-represented photos.

    b. All of Lanting's claims involve alleged uses of photographs that occurred beyond the limitations period for copyright infringement actions, and thus such claims are barred by the statute of limitations.

    c. For certain of Lanting's claims, McGraw-Hill Education believes, on information, that it has not exceeded any invoice restrictions or other specifications set out in the preferred vendor agreements between McGraw-Hill Education and Corbis.

    d. For some portion of the photos itemized in Lanting's claim chart, the exact amount to be determined in discovery, McGraw-Hill Education believes, on information, that the photos do not have valid copyright registrations sufficient to provide a basis for suit under the Copyright Act.

    e. To the extent that certain of Lanting's claims relate to McGraw-Hill Education's inclusion of a Corbis-represented photo in a later edition or revised version of a work for which McGraw-Hill Education's use

previously had been authorized, such reuse is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

33. In light of these various likely defenses, and others to be determined through discovery, Lanting cannot establish that McGraw-Hill Education has infringed Lanting's copyrights.

## CLAIM FOR DECLARATORY RELIEF

34. McGraw-Hill Education realleges and incorporates each of the above allegations as set forth in the preceding paragraphs by reference as if set forth herein at length.

35. Lanting has claimed that McGraw-Hill Education is liable for copyright infringement based allegedly unauthorized use of Lanting's photos in McGraw-Hill Education publications.

36. Lanting and his counsel have threatened to pursue these claims against McGraw-Hill Education through legal action in a forum not authorized by the mandatory forum-selection clause contained in Corbis' agreements and invoices.

37. An actual, present and justiciable controversy has arisen between McGraw-Hill Education and Lanting concerning McGraw-Hill Education's alleged liability for McGraw-Hill Education's use of Lanting's photographs in McGraw-Hill Education textbooks.

38. McGraw-Hill Education has suffered and will continue to suffer harm as a result of the uncertainty concerning the potential liability for the transactions identified in Lanting's claim chart.

39. Any use by McGraw-Hill Education of Lanting's photographs is not liable to a claim for copyright infringement when it: (i) relates to photographs for which Lanting lacks a valid copyright registration, or (ii) occurred more than three years ago, or (iii) was authorized by

9

McGraw-Hill Education's contractual arrangements with Corbis, or (iv) is not in excess of any limitations, or (v) is simply a reuse of the same photograph in a later edition or revised version of the work for which McGraw-Hill Education originally obtained valid permission.

40. Lanting's claims of copyright infringement against McGraw-Hill Education warrant judicial relief from this Court in the form of: (i) for each of the instances in which McGraw-Hill Education's alleged infringement occurred more than three years prior to this civil action, declarations that Lanting's claim is barred by the statute of limitations and that McGraw-Hill Education is not liable to Lanting for copyright infringement; (ii) for each of the instances in which Lanting lacks a valid copyright registration for the photograph at issue in Lanting's claim chart, declarations that McGraw-Hill Education is not liable to Lanting for copyright infringement; (iii) for each of the instances in which any use by McGraw-Hill Education was with permission from Corbis, either expressly or as a result of the parties' course of dealing, McGraw-Hill Education is not liable to Lanting for copyright infringement; and, (iv) for each of the instances in which McGraw-Hill Education simply included the same photo in a later edition or revised version of a McGraw-Hill Education publication, declarations that such inclusion was permissible under Section 201(c) of the Copyright Act and McGraw-Hill Education is not liable to Lanting for copyright infringement.

**WHEREFORE**, McGraw-Hill prays for a declaratory judgment in its favor against Lanting for the following relief:

A. An Order declaring that McGraw-Hill Education is not liable for copyright infringement on the claims asserted in Lanting's claim chart;

      B.      An award to McGraw-Hill Education of its costs and disbursements incurred in this action, including its reasonable attorney's fees; and

      C.      Such other and additional relief as this Court may deem just, proper and equitable.

Dated:  New York, New York      LEVINE SULLIVAN KOCH & SCHULZ, LLP
          April 18, 2016

                                        By:   */s/ Christopher P. Beall*
                                                  Christopher P. Beall (CB4590)

                                       321 West 44th Street, Suite 1000
                                       New York, NY 10036
                                       (212) 850-6100
                                       (212) 850-6299 (Fax)

                                       *Attorneys for Plaintiffs McGraw-Hill School*
                                       *Education Holdings, LLC and McGraw-Hill*
                                       *Global Education Holdings, LLC*